IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tyrone Clark a/k/a Tyron Clark,

          Plaintiff,

                            Case No. 1:20-cv-3756-MLB

v.

John Doe, et al.,

          Defendants.

_____/

**OPINION & ORDER**

Plaintiff Tyrone Clark seeks leave to file an amended complaint under 28 U.S.C. § 1447(e) to add Pamela Hutson a/k/a Pamela Summerville ("Pamela") as a defendant in this action. (Dkt. 31.) The Court grants that motion and thus remands this action to state court.

**I.    Background**

On October 3, 2018, Plaintiff shopped at Wal-Mart Supercenter No. 2732 in Villa Rica, Georgia. (Dkt. 1-2 ¶¶ 7–8.) Plaintiff says he was seated and stopped on a motorized shopping cart provided by Wal-Mart when an unidentified representative of Wal-Mart (identified in the complaint as John Doe) negligently pushed a produce cart into Plaintiff,

thereby injuring him. (*Id.* ¶¶ 11–12.) On August 20, 2020, Plaintiff sued Defendants John Doe; Wal-Mart Stores, Inc. ("Wal-Mart Stores"); Wal-Mart Stores East, LP ("Wal-Mart East"); and XYZ Defendants for negligence in the State Court of Gwinnett County, Georgia. (Dkt. 1-2.)

On September 11, 2020, Wal-Mart Defendants removed the case based on diversity jurisdiction. (Dkt. 1.) A week later on September 18, Plaintiff moved for an order directing Defendant Wal-Mart East to respond to Plaintiff's Interrogatory No. 9 by identifying John Doe and sought leave to file an amended complaint to replace John Doe with a defendant identified by name. (Dkt. 9.) The next day, Wal-Mart Defendants moved to transfer the case to the Newnan or Gainesville division of this district. (Dkt. 10.) On October 12, Defendants identified John Doe as Pamela in their responses to initial disclosures. (Dkt. 19.) On November 16, Plaintiff filed a supplemental reply to his previous motion seeking to add Pamela as a defendant in place of John Doe. (Dkt. 23.) On November 23, Plaintiff moved to remand. (Dkt. 24.) On December 10, Plaintiff moved for leave to file an amended complaint to add Pamela as a defendant, which Wal-Mart Defendants oppose. (Dkts. 31; 35.)

## II. Standard of Review

Under 28 U.S.C. § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When a plaintiff seeks to amend his or her complaint to add a defendant such that the court would no longer have diversity jurisdiction, the court should scrutinize that amendment more closely than an ordinary amendment. *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The decision is committed to the sound discretion of the district court. *See Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016); 14C Wright & Miller, *Federal Practice and Procedure* § 3739.1 (rev. 4th ed. 2020) ("[T]he statute, as amended, leaves the joinder issue to the discretion of the district court.").

## III. Discussion

In deciding whether to allow Plaintiff to file an amended complaint to replace John Doe as Pamela under § 1447(e), the Court considers four factors: (1) the extent to which the purpose of the amendment is to defeat

3

federal jurisdiction, (2) whether Plaintiff has been dilatory in asking for amendment, (3) whether Plaintiff will be significantly injured if amendment is not allowed, and (4) any other factor bearing on the equities. *Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019); *Dever*, 755 F. App'x at 869 (citing *Hensgens*, 833 F.2d at 1182).[1]

### 1. Motivation for seeking leave to amend

The first factor in this analysis considers the purpose of the amendment. Wal-Mart Defendants argue Plaintiff's purpose is to defeat federal jurisdiction because "Plaintiff only sprang to action to identify [Pamela] after the case was removed." (Dkt. 35 at 7, 11.) While at first glance this may seem like a situation in which a plaintiff seeks to add a nondiverse defendant immediately after removal to defeat federal jurisdiction, that is not the case. In state court, Plaintiff sued John Doe, describing John Doe as the "unidentified representative of Wal-Mart . . . [who] negligently pushed her produce cart [into Plaintiff]

---

[1] "Although § 1447(e) mentions joinder specifically, the statute has been held to apply when a plaintiff seeks to amend a complaint to replace 'John Doe' defendants with defendants identified by name." *Dunigan v. Countrywide Home Loans, Inc.*, No. 1:08-cv-3735, 2009 WL 10698799, at *3 (N.D. Ga. Sept. 10, 2009).

4

causing injury to [P]laintiff." (Dkt. 1-2 ¶¶ 2, 12.)  It is of no great surprise Plaintiff decided to add that unidentified person.

Moreover, Plaintiff filed his complaint on August 20 and served Wal-Mart Defendants on August 28.  (Dkts. 1 ¶ 2; 1-2; 35-1.)  Wal-Mart Defendants then filed their notice of removal on September 11.  (Dkt. 1.)  The case was in state court for less than one month.  That did not give Plaintiff much of an opportunity to discover the identity of John Doe before removal.  Once before this Court, Plaintiff has made persistent and diligent efforts to determine the identity of John Doe, and Plaintiff only learned it was Pamela on October 12 when Wal-Mart Defendants filed their responses to initial disclosures.  (Dkt. 36 at 2–3.)  The Court finds Plaintiff does not seek to destroy federal jurisdiction by adding Pamela.  This factor weighs in favor of permitting amendment.

### 2. Timeliness of request

The second factor is whether the plaintiff has been dilatory in asking for amendment.  A plaintiff is dilatory in making a joinder request when there is no apparent reason for waiting to add a defendant until after the originally named defendant removes the case.  *Andreasen v. Express Ins. Co.*, 276 F. Supp. 3d 1317, 1329 (S.D. Fla. 2017).

5

Wal-Mart Defendants argue Plaintiff was dilatory in asking for joinder for two reasons. First, according to them, Plaintiff has known about the identity of John Doe since the date of the incident in August 2018 because Plaintiff contends Pamela said, "I'm sorry I did not see you," after the incident. (Dkt. 35 at 9, 11.) The Court rejects this argument. Based on the information before the Court, it appears Plaintiff knew the previously unidentified Wal-Mart representative who pushed the produce cart said that statement after the incident, but Plaintiff did not know the identity of that person until recently. The flurry of motions on this Court's docket supports that view and demonstrates Plaintiff's diligence in seeking to learn the identity of John Doe.

Second, Wal-Mart Defendants argue that, even if Plaintiff did not learn the identity of John Doe until October 12, Plaintiff had this information for 58 days before filing his motion to amend on December 10. (*Id.* at 11–12.) While this is true, it ignores the fact that Plaintiff initially sought to add Pamela on November 16 by filing a supplemental reply to his previous motion. (Dkts. 23; 36 at 5.) So Plaintiff did not sit idly with this information for 58 days as Wal-Mart Defendants contend. But even if he had, the Court does not think 58 days is dilatory. *Cf. Smith*

*v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1282 (N.D. Ala. 2002) (finding amendment dilatory when made ten months after removal).

### 3. Injury to Plaintiff

The third factor is whether the plaintiff will be significantly injured if amendment is not allowed. Plaintiff argues he would be significantly injured because he would have to pursue parallel lawsuits, which would be duplicative and a waste of resources. (Dkts. 31-3 at 10; 36 at 6.) Wal-Mart Defendants disagree and point to a recent unpublished Eleventh Circuit case that provides: "Being made to litigate against [a nondiverse party] in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part." (Dkt. 35 at 12–13); *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 886 (11th Cir. 2020). That case is distinguishable. There, the district court concluded the plaintiffs would not be significantly injured if amendment were not allowed because they remained free to pursue claims against the nondiverse party in state court. *Hickerson*, 818 F. App'x at 886. The Eleventh Circuit declined to hold otherwise because the plaintiffs "offered no persuasive argument that the district court erred in doing so." *Id.* In other words, it deferred

7

to the district court because the plaintiffs did not raise an argument sufficient to overturn the district court's conclusion. It did not say having to pursue parallel litigation *never* amounts to a significant injury.

The Court finds that, although Plaintiff could pursue a separate state action against Pamela, it is certainly not the most efficient use of the parties' resources or federal and state judicial resources to force separate litigations related to the same events. *See Shelfer v. Gregory Pest Control, Inc.*, No. 1:20-cv-3000, 2021 WL 457893, at *4 (N.D. Ga. Feb. 9, 2021); *Johnson*, 2016 WL 2733425, at *3 ("If amendment is not allowed in this case, Plaintiff faces the prospect of maintaining a separate lawsuit in state court. The two lawsuits, both based entirely on state law, would be duplicative and would unnecessarily waste the resources of the parties and the judicial system. Courts within this Circuit have concluded that such parallel litigation would constitute 'significant injury' under *Hensgens*."). This is particularly true when it is clear that Plaintiff always intended to assert claims against John Doe but simply needed to learn that person's identity. The Court recognizes the expense, waste of judicial resources, and risk of inconsistent outcomes that would result from denying the amendment and requiring Plaintiff to initiate

8

parallel litigation in state court, all of which weigh in favor of allowing the amendment.

### 4. Other equitable considerations

The fourth factor allows the court to consider any other factors which bear on the equities. In balancing the equities, the parties are not on equal footing, and the court should give consideration to the defendant's right to choose the federal forum. *Hensgens*, 833 F.2d at 1182. To this point, Wal-Mart Defendants argue "[t]he fundamental purpose of the removal statute is to provide foreign defendants with an impartial tribunal free from local prejudice or influence, and that consideration weighs heavily in favor of" them. (Dkt. 35 at 14–15.) The Court recognizes Defendant's interest in proceeding in federal court weighs against amendment. But Wal-Mart Defendants were on notice from the outset of this lawsuit that Plaintiff intended to name a potentially nondiverse party as a defendant in this case. Further, Wal-Mart Defendants were in the best position to know the identity and citizenship of John Doe when they were served with the complaint but chose to remove the case anyway. *See Galue v. Clopay Corp.*, No. 20-23704, 2020 WL 7385851, at *2 (S.D. Fla. Dec. 15, 2020). Additionally,

this case is in its initial stages and the claims depend entirely on state law. *See, e.g.*, *Langee v. State Farm Mut. Auto. Ins. Co.*, No. 8:08-CV-406, 2008 WL 2694110, at *4 (M.D. Fla. July 8, 2008) (holding that all the issues in the case involve Florida law so the fourth factor favors granting the plaintiff's motion to amend).

## IV. Conclusion

The four factors weigh in favor of permitting amendment. Allowing the joinder of Pamela, a nondiverse defendant, will destroy subject matter jurisdiction. Remand is thus required.

The Court **GRANTS** Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint to Add Pamela Hutson a/k/a Pamela Summerville Pursuant to 28 U.S.C. § 1447(e) (Dkt. 31). The Court **DIRECTS** the Clerk to file the First Amended Complaint (Dkt. 31-2) as of the date of this order. The Court **REMANDS** this action to the State Court of Gwinnett County, Georgia.

The Court **DENIES AS MOOT** Plaintiff's Motion to Shorten Time to Respond to Certain Limited Discovery for Wal-Mart to Identify the John Doe Defendant and for Leave to File Plaintiff's First Amended Complaint (Dkt. 9), Wal-Mart Defendants' Motion to Transfer Venue to

Newnan Division or to Gainesville Division (Dkt. 10), and Plaintiff's Motion to Remand Pursuant to 28 U.S.C § 1332 and 28 U.S.C. § 1447 (Dkt. 24).

**SO ORDERED** this 16th day of April, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE